**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

STATE OF DELAWARE                )
                                 )
                                 )
     v.                          )    I.D. # 9602008132
                                 )             9501002767
                                 )
                                 )
                                 )
ADRIAN WRIGHT,                   )
                                 )
         Defendant.             )

Submitted: May 30, 2019
Decided: June 11, 2019

**ORDER GRANTING DEFENDANT'S REQUEST
FOR A CERTIFICATE OF ELIGIBILITY TO FILE UNDER
11 _Del. C._ § 4214(f) AND Del. Super. Ct. Spec. R. 2017-1(d)**

This 11th day of June, 2019, upon consideration of the Request for Certificate of Eligibility filed on behalf of Adrian Wright (the "Request"), the Attorney General's response thereto,[1] and the record in this matter, it appears to the Court that:

1.    On June 18, 1996, following a two-day trial, a jury convicted Wright of one count of Attempted Robbery First Degree. On July 8, 1996, Wright pleaded guilty to Attempted Felony Class D in a separate case, I.D. No. 9501002767. The State filed a motion to declare Wright a habitual offender for the Attempted Robbery charge. On October 18, 1996, this Court granted the State's motion and

---

[1] D.I. 34. Unless otherwise noted, citations to the docket in this order are to Case No. 9602008132.

declared Wright a habitual offender under 11 *Del. C.* § 4214(b). On that same date, the Court sentenced Wright to the minimum required for that charge: a term of natural life imprisonment. The Court also sentenced Wright on the Attempted Class D Felony charge to five years at Level V, suspended after four years for one year of Level III probation.

2. In 2016, the General Assembly amended the State's habitual offender law, 11 *Del. C.* § 4214, granting certain categories of previously-sentenced habitual offenders an opportunity to file a motion for sentence modification. On May 2, 2019, Wright filed a Request for a Certificate of Eligibility to file a petition seeking exercise of the Court's jurisdiction to modify his sentence under 11 *Del. C.* § 4214(f).[2] The Attorney General responded, joined Wright's Request, and asked the Court to grant Wright a certificate of eligibility.[3]

5. Wright meets the type-of-sentence and time-served eligibility requirements set forth in 11 *Del. C.* § 4214(f).[4] The Attorney General has not demonstrated "by specific averment" that "there is a good faith basis to believe that

---

[2] D.I. 33; Del. Super. Ct. Spec. R. 2017-1(c)(2), (3).
[3] D.I. 34 at 4.
[4] 11 *Del. C.* § 4217(f) (2017) (providing that an inmate must be serving a sentence imposed upon him as "an habitual criminal [that is] a minimum sentence of not less than the statutory maximum penalty for a violent felony pursuant to 4214(a) of this title, or a life sentence pursuant to 4214(b) of this title prior to July 19, 2016," and that an inmate has met the time-served eligibility requirement when the inmate "has served a sentence of incarceration equal to any applicable mandatory sentence otherwise required by [the new provisions of 11 *Del. C.* § 4214] or the statutes describing said offense or offenses [for which the inmate was sentenced], whichever is greater.").

2

. . . a petition [by Wright] . . . may not be heard because the felony establishing [Wright] as a habitual offender is one for which review is [not now]-permitted as provided for in 11 *Del. C.* § 4214(f) and [Del. Super. Ct. Spec. R. 2017-1](d)(11)."[5] The Attorney General instead has moved the Court to grant Wright a certificate of eligibility.

6. **FOR THE FOREGOING REASONS, IT IS ORDERED** that Wright's Request for a Certificate of Eligibility is **GRANTED**, and Wright may file a petition seeking exercise of this Court's jurisdiction to modify the sentence under 11 *Del. C.* § 4214(f) and Del. Super. Ct. Spec. R. 2017-1(d).[6] If Wright intends to request that the Court consider the petition without regard for the preferred sequence set forth in Section 4214(f), such a request **SHALL** be included in the petition. If a request to consider the petition outside the preferred sequence is made, the State **SHALL** respond to that request in its response to the petition.

---

[5] Del. Super. Ct. Spec. R. 2017-1(c)(5) (setting forth the content requirements for the Attorney General's written response to a request for certificate of eligibility).

[6] Wright's sentence for Attempted Class D felony was not a habitual sentence and inherently was discretionary. Under the Court's rules, however, that sentence does not bar relief under 11 *Del. C.* § 4214(f), and the Court may consider modification of that sentence as well. Del. Super. Ct. Spec. R. 2017-1(d)(4).

7. This grant of a certificate of eligibility to seek relief is not a ruling on whether Wright's sentence will be modified. That judgment will be left to the discretion of the Court.[7]

8. **IT IS FURTHER ORDERED** that the Department of Correction and the Department of Justice **SHALL**, consistent with a memorandum of understanding entered (or other protocols devised) for the express purpose of facilitating the lawful and efficient transfer of materials and information required for consideration of a petition under 11 *Del. C.*§ 4214(f) and Del. Super. Ct. Spec. R. 2017-1(d), provide to Wright's attorney of record, or counsel's designee, access to such materials and information without undue delay.[8]

Abigail M. LeGrow, Judge

Original to Prothonotary
cc: Dawn M. Williams, Esquire
Annemarie H. Puit, Deputy Attorney General

---

[7] Del. Super. Ct. Spec. R. 2017-1(d)(9).
[8] Del. Super. Ct. Spec. R. 2017-1(c)(7).

4